UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT OVUORYE EMOJEVWE | : | DOCKET NO. 09-cv-1672 |
| VS. | : | JUDGE MINALDI |
| ERIC H. HOLDER, ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on September 18, 2009 by Robert Ovuorye Emojevwe ("Petitioner") pursuant to 28 U.S.C. § 2241. This matter has been referred to this court for report and recommendation in accordance with 28 U.S.C. § 626(b)(1)(B).

Petitioner has been under a final order of removal since January 17, 2008 and has been in post-removal detention since that time. In his petition, he challenges his post-removal order detention as being indefinite and unconstitutional. He claims that there is no significant likelihood of his being removed in the reasonably foreseeable future. In response to the petition, the government argues that petitioner has not met his burden of showing that removal in the foreseeable future is unlikely and that petitioner has hampered the removal process by filing numerous petitions for review in courts that have no jurisdiction or venue.

Based upon the evidence in the record, this Court determined that an evidentiary hearing was necessary for the adjudication on the petition. An evidentiary hearing was conducted on March 17, 2010. Based on the evidence adduced at the hearing and the applicable law, it is RECOMMENDED that the petition for writ of *habeas corpus* be DENIED.

1

BACKGROUND

Petitioner, A citizen of Nigeria was permitted entry into the United States on August 1, 1987, on a student visa. Doc. 11, Att. 2, p. 2. Petitioner was subsequently convicted in 1999 of illegal trafficking of counterfeit goods and in 2006 of giving fraud and false statements. Doc. 11, Att. 2, pgs. 41-46, Doc. 11, Att.3, p. 2. On November 29, 2006, Petitioner was served with an immigration warrant for his arrest and notified that he was to remain in the custody of the United States Immigration and Customs Enforcement (USICE) pending a final determination of removability. Doc. 11, Att. 2, pgs. 5-6. Petitioner was also served with a Notice to Appear which charged that he was subject to removal from the United States for (1) violation of Section 237(a)(1)(C)(i) of the Immigration and Nationality Act, failing to maintain or comply with the conditions of the nonimmigrant status under which he was admitted; (2) violation of Section 237(a)(2)(A)(ii), being convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; and (3) violation of Section 237(a)(2)(A)(iii), conviction of an aggravated felony which involves fraud or deceit in which the loss to the victim exceeds $10,000. Doc. 11, Att. 2, pgs. 7-11.

Following a hearing conducted on January 17, 2008 in the United States Immigration Court, petitioner was ordered removed to Nigeria. Doc. 11, Att. 2, pgs. 13-24. His appeal to the Board of Immigration Appeals was dismissed on April 16, 2008. Doc. 11, Att. 2, pgs.27-29. His request to reopen and reconsider the April 16, 2008 dismissal was denied by the Board of Immigration Appeals on August 1, 1008. Doc. 11, Att. 3, pgs. 2-4. A motion to reconsider the August 1, 2008 decision was denied on October 1, 2008. Doc. 3, Att. 2, pgs. 6-7.

Petitioner filed numerous petitions for review in the United States Court of Appeals for the Second, Ninth and Fifth Circuit.[1] In an appeal pending at the time of this hearing, docketed as *Emojevwe v. Holder,* No. 09-71586 (9th Cir. filed May 26, 2009), the court found on January 21, 2010, that the petition was filed in an improper venue and issued an order transferring the case to the United States Court of Appeals for the Fifth Circuit. The Ninth Circuit also issued a temporary stay of petitioner's removal pending the decision of the Fifth Circuit. The Fifth Circuit, docketed the case as *Emojevwe v. Holder,* No. 10-60061(5th Cir. filed Jan. 21, 2009), and issued an order denying petitioner's motion for a stay of deportation on February 24, 2010.

On at least two separate occasions during these proceedings, the USICE requested and successfully obtained travel permits for petitioner's removal to Nigeria. Doc. 11, Att. 2, pgs. 32-48, Doc. 11, Att. 3, pgs. 24, 26.

---

[1] Emojevwe filed the following petitions for review:
- *Emojevwe v. Mukasey,* No. 08-60765 (5th Cir. filed Aug. 18, 2008) filed on August 18, 2008 was initially filed in the United States Court of Appeals for the Second Circuit which court transferred it due to improper venue. On October 8, 2008, the Fifth Circuit denied petitioner's motion to stay deportation and dismissed his petition.
- *Emojevwe v. Mukasey,* No. 08-60988 (5th Cir. filed Oct. 23, 2008) filed on October 23, 2008 was initially filed in the United States Court of Appeals for the Second Circuit which court transferred it due to improper venue. On December 16, 2008, the Fifth Circuit denied petitioner's motion to stay deportation and dismissed his petition.
- *Emojevwe v. Mukasey,* No. 08-5397-ag (2nd Cir. filed Nov. 4, 2008) filed on November 4, 2008. On January 13, 2009, the court ordered the petition transferred to the United States Court of Appeals for Fifth Circuit for lack of venue and issued a temporary stay of removal. The Fifth Circuit docketed the case as No. 09-60033 (5th Cir. filed Jan. 21, 2009), and on February 26, 2009, denied the motion to stay and granted a motion to dismiss the petition.
- *Emojevwe v. Holder,* No. 09-70940 (9th Cir. filed Mar. 31, 2009) filed on March 31, 2009 in the United States Court of Appeals for the Ninth Circuit. A temporary stay of removal was issued. On June 1, 2009, the court noted that the petition, although filed in an improper venue, would be considered in the interests of justice. The court determined that the petition for review was untimely and dismissed the petition.
- *Emojevwe v. Holder,* No. 09-60405 (5th Cir. filed May 26, 2009) filed on May 26, 2009. On May 29, 2009, the Fifth Circuit denied petitioner's motion to stay deportation and dismissed his petition.
- *Emojevwe v. Holder,* No. 09-60452 (5th Cir. filed June 15, 2009) filed on June 15, 2009 was initially filed in the United States Court of Appeals for the Seventh Circuit which court transferred it due to improper venue. On July 27, 2009, the Fifth Circuit denied petitioner's motion to stay deportation and dismissed his petition.

In his petition for writ of *habeas corpus,* petitioner challenges the validity of his confinement contending that it is indefinite and he seeks immediate release from immigration custody.

In its answer, the government argues that petitioner has not met his burden of showing that there is no significant likelihood of removal in the foreseeable future and that petitioner's own conduct has hampered USICE's efforts at removal.

## LAW AND ANALYSIS

Following an order of removal, the Attorney General is given 90 days to effect the removal of the alien. 8 U.S.C. § 1231 (a)(1)(A)(the Immigration and Nationality Act). The removal period begins on the latest of: (1) the date the removal order becomes administratively final; (2) the date of a court's final order if the removal order is judicially reviewed and the court orders a stay of the removal of the alien; or (3) the date the alien is released from detention or confinement(except under an immigration process). 8 U.S.C. § 1231(a)(1)(B). Detention beyond the removal period is authorized when "the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231 to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

Thus, merely meeting the six-month detention period does not require automatic release, but rather at that point there must be a determination of whether there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), citing *Zadvydas*, 121 S.Ct. at 2505. Further, "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Id.* In order to show that his removal is not likely to happen in the reasonable foreseeable future, petitioner must show that he has made a "full and honest effort to secure travel documents." *Davis v. Gonzalez*, 482 F.Supp.2d 796, 802 (W.D.Tex. 2006) citing *Lema v. INS*, 341 F.3d 853, 857 (9th Cir. 2003).

"[T]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention." *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003); See also *Ayigba v. Young*, 2007 WL 2736678, *5 (W.D.La. 2007); *Rosario v. Gonzalez*, 2007 WL 1232207, *5 (W.D.La. 2007); *Amadi v. Young*, 2007 WL 855358, *3 (W.D.La. 2007). In *Pelich v. INS*, supra, the court denied the § 2241 petition, finding that the petitioner was "responsible for his plight" because he refused to complete the appropriate passport application necessary for his removal. Thus, when an alien is the cause of his own detention, he cannot assert a viable constitutional challenge to his indefinite detention because "the detainee controls the clock."

5

*Lema*, 341 F.3d at 856 citing *Pelich*.  Under such circumstances, the "detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future ...." *Id*.

From the facts presented above, it is clear that petitioner sought review of his removal order in various appellate courts, some without proper venue, and that several stays of his removal were issued.  The temporary stay issued by the United States Court of Appeals for the Ninth Circuit on May 26, 2009 remained in effect until the case was transferred to the United States Court of Appeals for the Fifth Circuit, the court of proper venue, and a decision was rendered by the Fifth Circuit.  The Fifth Circuit denied petitioner's motion for a stay on February 24, 2010.  Consequently, petitioner's removal period did not commence until that date, when the reviewing court issued its order.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).  It is clear that the removal period had not yet expired at the time this petition was filed (September 18, 2009) and at the time of this hearing (March 17, 2009).  Therefore, this *habeas corpus* petition challenging petitioner's detention is premature.  *See Quiroz v. Young,* 2007 WL 2263084 (W.D.La. 2007); *Campbell v Chertoff,* 2005 WL 2989711 (E.D.Pa. 2005).

Further, assuming that the removal period began prior to February 24, 2010, this court finds that the removal period would have been suspended pursuant to 8 U.S.C. § 1231(a)(1)(C) by petitioner's acting in a manner which prevented his removal.  *Pelich, supra.*  Petitioner requested and was granted several stays of his removal.  He cannot now assert a challenge to his detention as indefinite when such detention is due to his own actions.  While petitioner's actions in seeking review of his removal and the various stays may not have been done in bad faith, the delay in his removal by his use of the judicial process should not be held against USICE.  *See*

*Ajayi v. Caplinger* 19 F.3d 15 (5th Cir. 1994); *Balnkson v. Mukasey, Balogun v. INS,* 9 F.3d 347, 351 (5th Cir. 1993).

Finally, now that the stay of removal has been lifted, there is nothing to suggest that there is no significant likelihood of removing petitioner in the foreseeable future. The government has presented evidence that Nigeria has granted two travel permits for petitioner to return. Petitioner has presented no evidence that once he completes his litigation he will not be removed.

Accordingly, IT IS RECOMMENDED that petitioner's petition be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 6th day of December, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE